NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESUS VELASQUEZ<br><br>                    Plaintiff,<br><br>     v.<br><br>ESSEX COUNTY PROSECUTOR OFFICE, NEW JERSEY DEPARTMENT OF CORRECTION, DAWN MILLER, CHARLES BARONE, CHRISTINE DEANGELIS, STEPHEN PENN, CAROLYN MADISON, ERNEST LEE, JERRY SPEZIAL, and CHRYSTAL MORTON,<br><br>                    Defendants. | Civ. Action No. 08-53 (KSH)<br><br><br><br><br><br><br><br><br><br><br><br>**OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

**I. Introduction**

Plaintiff Jesus Velasquez claims that his constitutional rights were violated when he was sentenced and imprisoned in 2007 for a crime he had already served time for. Now before the Court are four motions to dismiss filed by seven of the eight defendants in this case [D.E. 68, 82, 84, 85]. For the reasons that follow, the motions are denied.

**II. Facts**

For the purposes of the motions to dismiss, the Court accepts all of the following facts as true and draws all reasonable inferences in favor of the non-moving party. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). On May 14, 1999, Velasquez was sentenced in Essex County on three indictments—the one relevant to this complaint is indictment No. 99-02-

005661—and was given a six-year maximum with a three-year stipulation.  He was paroled on April 19, 2002 and maxed out on January 27, 2003.  (Am. Compl. ¶ 6.)

On May 10, 2007, Velasquez was arrested in Newark in relation to a domestic dispute and charged with simple assault and robbery.  (*Id.*)  At the same time, he was subject to a bench warrant for a shoplifting charge in Passaic County.  (Moving Br., Ex. F.)  On July 30, 2007, before Essex County Superior Court Judge Joseph Cassini III, Assistant Prosecutor Dawn Miller, representing the state of New Jersey, dropped the robbery charge and recommended a sentence of one year of probation for the simple assault.  (Am. Compl. ¶ 6.)  Miller also told Judge Cassini that Velasquez had an open accusation from 1999, namely indictment No. 99-02-005661.  (*Id.*)  Velasquez told Miller and Judge Cassini that he had already served time on that indictment.  (*Id.*)  Velasquez alleges that the same day, but with him out of the room, Judge Cassini sentenced him to five years, with a three-year stipulation, on the old indictment.  (*Id.*)

Two days later, Velasquez was transferred to Passaic County Jail ("PCJ") pursuant to the charge pending in that county.  (*Id.*)  Then, on September 12, 2007, a team from the New Jersey Department of Corrections (NJDOC) came to PCJ to fingerprint Velasquez and take his photo.  (*Id.*)  He claims he told them that he already served time on the 1999 indictment.  (*Id.*)  Nevertheless, the NJDOC transferred him to the Central Reception Assignment Facility in Trenton on October 11, 2007, and then sent him to Northern State Prison on October 29.  (*Id.*)  That same day, Velasquez pleaded guilty to the Passaic County shoplifting charge.  (Moving Br., Ex. F.)

Soon thereafter, Essex County overturned Velasquez's sentence on the 1999 indictment, and on December 6, 2007, he was released to the custody of PCJ pursuant to the shoplifting charge.  (Am. Compl. ¶ 6.)  On January 25, 2008, Velasquez was sentenced to four years

imprisonment on that charge, with 178 days of jail credit for time served.  (Moving Br., Ex. F.)  On February 29, 2008, Velasquez was sentenced on another shoplifting charge in Union County, to which he had pled guilty on January 7.  (Moving Br., Ex. G.)  Velasquez was ordered to serve three years in prison, with twelve months parole ineligibility and 34 days of gap time.  (*Id.*)

Velasquez claims that he spoke to several people about the fact that he had already served time on the 1999 indictment.  In addition to Miller and Judge Cassini, Velasquez claims he told probation officers Charles Barone and Christine DeAngelis, Assistant Corrections Ombudsman Ernest Lee, and the members of the NJDOC team who fingerprinted him at PCJ—Stephen Penn, Carolyn Madison, and Chrystal Morton—about the mistake, to no avail.  (Am. Compl. ¶¶ 4(c)–(i), 6.)  Velasquez sued under 42 U.S.C. § 1983, naming as defendants Miller, Barone, DeAngelis, Lee, Penn, Madison, Morton, and former Passaic County Sheriff Jerry Speziale.[1]  Velasquez claims that all of the aforementioned officials failed to investigate his complaints and that Miller falsified documents to get him sentenced for a second time on the 1999 indictment.  (*Id.* ¶ 4.)  He asserts that the defendants violated his Fifth, Eighth and Fourteenth Amendment rights and demands $1.2 million in relief, including compensation for lost wages, credit card charges, pain and suffering, and attorney costs.  (*Id.* ¶¶ 4, 7.)

Each of the defendants, save Speziale, has moved to dismiss the complaint [D.E. 68, 82, 84, 85].  Each argues that he or she is entitled to either absolute or qualified immunity, and that in any event, the complaint does not allege any constitutional violation.

**III. Discussion**

The Court is unable on the record presented to make a ruling.  While there does not seem to be a dispute that a mistake was made, given the reversal of Velasquez's sentence, there is a

---

[1] Velasquez initially included the Essex County Prosecutor's Office and New Jersey Department of Corrections as defendants, but they were both dismissed on sovereign immunity grounds [D.E. 44].

significant gap in the facts regarding exactly what happened at the time the Superior Court Judge was notified about the 1999 indictment, what orders he entered, and what sentencing process took place, at a minimum.  In order to decide the merits and determine which defendants, if any, are entitled to immunity, further exploration of the facts is required.  *See Johnson v. City of Chester*, 10 F. Supp. 2d 482, 488 (E.D. Pa. 1998).  The records of the proceedings related to the 1999 indictment as it relates to the events Velasquez complains of are in the possession of the defendants and can be the subject of limited discovery, with the Magistrate Judge entering such orders regarding renewed dispositive motion practice as she deems appropriate.

      The defendants' motions to dismiss are denied.

      /s/ Katharine S. Hayden

December 21, 2010      Katharine S. Hayden, U.S.D.J.